## SUMMERFIELD v. SULLIVAN.

(Supreme Court, Appellate Term. December 16, 1908.)

FRAUDS, STATUTE OF (§ .158*)—CONTRACTS NOT TO BE PERFORMED WITHIN A YEAR—EVIDENCE. .

In an action by an employé for breach of a verbal contract to renew his employment for a year, evidence *held* to show that the verbal agreement was made before the renewal year was to commence so as to bring the contract within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 876; Dec. Dig. § 158.*]

Appeal from City Court of New York, Trial Term.

Action by Henry Summerfield against Roger G. Sullivan. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted. .

. Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Ernest P. Seelman, for appellant.
Myron Sulzberger, for respondent.

FORD, J. Plaintiff-respondent recovered a judgment entered upon a verdict of a jury against the defendant-appellant for damages for an alleged breach of contract of employment, from which judgment and the order denying defendant's motion for a new trial this appeal is taken.

Plaintiff was in the employ of the defendant as a salesman during the year 1904. He received $20 a week at first, which was afterwards increased to $25. Plaintiff testifies to a conversation with defendant in New York City in which he (the plaintiff) asked for an increase of salary, but says that the defendant did not at the time grant .the request, but promised he would think it over and instruct his representative in New York, a Mr. Ruth, about the matter, with whom the final agreement should be made. The weight of evidence is that this conversation took place in December, and that shortly thereafter the defendant went to his home in New Hampshire, and had no further conversation with the plaintiff before he sailed for Europe on January 7, 1905. Plaintiff swears that on or about January 6, 1905, Ruth called him into the office and stated that he had been instructed to pay the plaintiff $30 a week until the defendant returned from Europe, when an additional amount per week would be paid to him during the rest of the year. This arrangement was satisfactory to plaintiff, and he accordingly received from the beginning of the year $30 a week, which was increased to $33 a week in June following. He was discharged the succeeding August, and sued for the damages suffered through loss of earnings from the time of discharge to December 31, 1905.

No material question is raised upon the appeal except whether the verdict was against the weight of evidence. The only corroboration of plaintiff's testimony as to the rehiring is that of one Scholz, who swears that he was in the employ of the defendant in January, 1905,

and that early in that month Ruth said to him (Scholz): "I have re-engaged Summerfield [the plaintiff] for this year." The main issue contested was whether the rehiring of plaintiff took place in January, 1905, or December, 1904. If the former, the plaintiff could recover; if the latter, his claim was barred by the statute of frauds. It seems to me that the weight of evidence was in the defendant's favor.

Many letters which passed between the parties were put in evidence. There is one dated December 2, 1904, making an appointment for plaintiff to meet defendant at the Manhattan Hotel on Wednesday of the following week. Another dated June 3, 1905, from plaintiff to defendant giving in detail the conversation between them relative to the rehiring of plaintiff which took place in New York in the preceding December. This conversation as given by plaintiff himself was in terms sufficient as a complete contract of hiring, and is, in substance, the precise agreement and the only one which the defendant swears he made with plaintiff. Indeed, it is substantially the same agreement as the one under which plaintiff worked down to the time of his discharge, and for breach of which he sued the defendant and recovered judgment. A letter of the defendant to Ruth, dated December 30, 1904, instructs the latter to increase plaintiff's salary to $30 from $25 a week, precisely as had been previously agreed upon according to plaintiff's letter of June 9th to the defendant. On May 29, 1905, before there had been any hint of a discharge of plaintiff, he refers back to the original conversation had between them in December, and makes no mention of Ruth as having had anything to do with the rehiring or its terms. Acknowledging an increase of salary in a letter dated June 3, 1905, he again refers to the contract of rehiring as having been made with defendant and not with Ruth; i. e., in December, 1904, instead of January, 1905. Most significant is the letter of plaintiff to defendant dated June 29, 1905. It begins with another reference to the conversation previously had with defendant in December, 1904, not with Ruth in January, 1905, relative to his salary, reciting a part of that conversation precisely as he relates it in his subsequent letter of May 29th, heretofore referred to. In this letter plaintiff says:

"If you remember, when last we spoke about an increase in my salary, you offered me $6 a week, which I was to receive when you got back from Europe. The increase was to hold you clear of any expenses I would incur excepting out of town expenses. * * * I would not have asked, had it not all been settled ~~was~~ in Dec."

In the letter the "Jan." is crossed out and "in Dec." written after it. This letter, as well as that of May 29th, fixes the date of a conversation with defendant, relative to the terms of rehiring, in December, 1904, and that is the only conversation with defendant mentioned by plaintiff in his testimony. It is true that the plaintiff when recalled to the stand swore that the letters of June 9, 1905 (wherein he gives the details of the conversation with defendant in December, 1904), and that of May 29th (wherein the "Jan." is crossed out and "in Dec." substituted), were written under the instructions of Ruth; but it is worthy of note that a recess of the court had intervened between this testimony and that previously given by him relative to these letters.

In the face of these numerous contradictions and inconsistencies in the plaintiff's testimony, and the positive denial of both the defendant and Ruth that any agreement for rehiring was made subsequent to the conversation in December, 1904, which denial is supported by the documentary evidence in the case, the conclusion is irresistible that the verdict is against the weight of evidence and must be set aside.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.